Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Andrew M. Jacobs, Esq.
Nevada Bar No. 12787
Wayne Klomp, Esq.
Nevada Bar No. 10109
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, NV  89501-1961
Telephone:  (775) 785-5440
Facsimile:  (775) 785-5441
Email: asorenson@swlaw.com
       ajacobs@swlaw.com
       wklomp@swlaw.com

*Attorneys for Plaintiff Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A., a national banking association;<br><br>Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited-liability company; FIESTA DEL NORTE HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; ALESSI & KOENIG, LLC, a Nevada limited-liability company;<br><br>Defendants. | Case No.: 2:15-cv-800<br><br>**COMPLAINT** |

Wells Fargo Bank, N.A., a national banking association ("Wells Fargo" or "Plaintiff"), by and through its counsel, Snell & Wilmer L.L.P, submits this complaint and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Wells Fargo is the assignee and beneficiary of a mortgage loan secured by a deed of trust recorded on or about February 17, 2005, against the real property located at 3616 Cantura Crest Court, North Las Vegas, Nevada 89031, APN 124-29-413-022 (the "Property").

- 1 -

21472056

2. Defendant SFR Investments Pool 1, LLC ("SFR") is a Nevada limited-liability company doing business in Clark County, Nevada.

3. Upon information and belief, Defendant Fiesta Del Norte Homeowners Association (the "HOA") is a Nevada non-profit corporation doing business in, and with its principal place of business in, Clark County, Nevada.

4. Defendant Alessi & Koenig, LLC ("Alessi") is a Nevada limited-liability company doing business in Clark County, Nevada.

5. This Court has jurisdiction over the counts of the present action pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

6. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over Plaintiff's claims arising under the laws of the State of Nevada, because those claims are related to Plaintiff's claims under federal law, form part of the same case or controversy, and are derived from a common nucleus of operative facts.

7. Venue is proper in this district because Defendants reside and conduct business within this district, as provided in 28 U.S.C. § 1391(b)(1). Alternatively, venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, as provided in 28 U.S.C. § 1391(b)(2).

8. This court has personal jurisdiction over Defendants because Defendants reside and conduct business within this district and the State of Nevada.

**GENERAL ALLEGATIONS**

9. This case is about the constitutionality of Nevada Revised Statute ("NRS") 116.3116, both on its face and as applied. In particular, it concerns the purported extinguishment of Wells Fargo's deed of trust—and also a large debt owed to Wells Fargo—by the foreclosure of a small homeowners' association lien on the Property, though the mortgage debt came before the lien.

10. Nevada Revised Statute Chapter 116 generally provides a non-judicial foreclosure scheme for a homeowners' association to conduct a non-judicial foreclosure where the unit owner fails to pay its monthly assessments.

11. NRS 116.3116 makes a homeowners' association lien for assessments junior to a first deed of trust beneficiary's secured interest in the property with one limited exception: a homeowners' association lien is senior to a first deed of trust beneficiary's secured interest "to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]" NRS 116.3116(2)(c).

12. On or about February 14, 2005, Edgar I. Treyes (the "Borrower") executed a promissory note ("Note") in the amount of Two-Hundred Eight Thousand Four-Hundred Forty Dollars ($208,440.00) in favor of Wells Fargo Home Mortgage as the beneficiary.

13. The Note is secured by a deed of trust ("Deed of Trust") recorded with the Clark County Recorder's Office ("Recorder's Office"), as Instrument Number 20050217-0004301 on February 17, 2005, against the real property located at 3616 Cantura Crest Court, North Las Vegas, Nevada 89031, APN 124-29-413-022 (the "Property").

14. On September 22, 2005, the Deed of Trust was assigned to Mortgage Electronic Registration Systems, Inc. by an Assignment of Deed of Trust recorded as Instrument Number 20050922-0005362.

15. On or about January 11, 2013, Mortgage Electronic Registration Systems, Inc. transferred and assigned its beneficial interest in the Note and Deed of Trust to U.S. Bank National Association pursuant to that Corporate Assignment of Deed of Trust, recorded in the Recorder's Office as Instrument Number 201301110002435.

16. On January 11, 2013, National Default Servicing Corporation was substituted as the trustee under the Deed of Trust and was recorded with the Recorder's Office as Instrument Number 201301110002436.

17. On April 2, 2014, U.S. Bank National Association assigned and transferred its interest under the mortgage and Deed of Trust to Wells Fargo pursuant to the Assignment of Deed of Trust recorded with the Recorder's Office as Instrument Number 20140402-0001108.

- 3 -

18. On April 16, 2014, Mortgage Electronic Registration Systems, Inc. assigned and transferred any interest in the Deed of Trust to Wells Fargo pursuant to the Corporate Assignment of Deed of Trust recorded with the Recorder's Office as Instrument Number 20140416-0000078.

19. On September 20, 2012, a notice of delinquent assessment was recorded in the Recorder's Office as Instrument Number 201209200001279. The notice of delinquent assessment was submitted by Alessi on behalf of the HOA for outstanding amounts owed as of September 5, 2012 in the amount of $795.97.

20. On November 28, 2012, a Notice of Default and Election to Sell under Homeowners Association Lien was recorded in the Recorder's Office as Instrument Number 201211280002803. The notice of default and election to sell under homeowners association lien was submitted by Alessi on behalf of the HOA for outstanding amounts owed as of October 30, 2012, in the amount of $1,838.39.

21. On May 21, 2013, a Notice of Trustee's Sale was recorded in the Recorder's Office as Instrument Number 201305210001131. The Notice of Trustee's Sale was submitted by Alessi on behalf of the HOA for outstanding amounts owed as of April 23, 2013, in the amount of $3,734.36.

22. On September 4, 2013, the HOA recorded a Notice of Delinquent Violation of Lien in the Recorder's Office as Instrument Number 201309040002731. The Notice of Delinquent Violation Lien was submitted directly by the HOA for outstanding amounts owed as of August 31, 2013 in the amount of $1,365.00.

23. On September 27, 2013, a Notice of Default and Election to Sell under Deed of Trust was recorded with the Recorder's Office as Instrument Number 201309270002231. The Notice of Default and Election to Sell under Deed of Trust was submitted by National Default Servicing Corporation as the trustee for outstanding amounts owed on the Deed of Trust.

24. On or about September 27, 2013, a Trustee's Deed upon Sale was recorded in the Recorder's Office Instrument Number 201309270003275. The Trustee's Deed upon Sale was submitted by Alessi on behalf of the HOA and showed SFR purchased the Property for $8,000.00 at public auction on September 25, 2013.

21472056

25. On or about February 10, 2014, a Certificate with respect to the State of Nevada foreclosure mediation program was recorded with the Clark County Recorder's Office as Instrument Number 201402100001624. The Certificate was submitted by National Default Servicing Corporation, the trustee.

26. On or about February 10, 2014, a Notice of Trustee's Sale was recorded with the Clark County Recorder's Office as Instrument Number 201402100001625. The Notice of Trustee's Sale was submitted by National Default Servicing Corporation as the trustee, noting that the amount of $192,862.77 was outstanding on the Deed of Trust.

27. On or about February 13, 2014, a Notice of Lis Pendens was recorded with the Clark County Recorder's Office as Instrument Number 201402130000715. The Notice of Lis Pendens was filed by SFR.

28. Wells Fargo is the beneficiary of the Deed of Trust, with standing and authority to initiate this action.

29. On or about September 25, 2013, the HOA and Alessi wrongfully foreclosed against the Property in reliance upon NRS 116.3116 *et seq*. (the "Statute").

30. The purported foreclosure sale under NRS 116.3116 *et seq*. did not extinguish Wells Fargo's Deed of Trust, which continues to constitute a valid encumbrance against the Property.

31. Upon information and belief, the HOA and Alessi failed to give notice, and/or failed to give constitutionally adequate notice to Wells Fargo of the HOA's assessment lien as required by the Supreme Court in *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983), given that NRS 116.3116 *et seq*. on its face violates Wells Fargo's rights to due process secured by both the Fifth and Fourteenth Amendments to the United States Constitution.

32. Upon information and belief, the HOA and Alessi also failed to give notice, and/or failed to give constitutionally adequate notice to Wells Fargo of the HOA's notice of default and election to sell.

33. Upon information and belief, the HOA and Alessi also failed to give notice, and/or failed to give constitutionally adequate notice to Wells Fargo of the HOA's notice of sale.

- 5 -

21472056

34. The HOA and Alessi failed to identify the super-priority amount claimed by the HOA and failed to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1) in the HOA's Notice of Default.

35. The HOA and Alessi failed to identify the super-priority amount claimed by the HOA and failed to describe the "deficiency in payment" required by NRS 116.31162(1)(b)(1) in the HOA's Notice of Trustee's Sale.

36. The HOA and Alessi failed to provide notice of the purported super-priority lien amount, where to pay the amount, how to pay the amount, or the consequences for the failure to do so in any of the recorded documents.

37. The HOA and Alessi failed to identify the amount of the alleged lien that was for late fees, interest, fines/violations, or collection fees/costs in any of the recorded documents.

38. The HOA and Alessi failed to identify if the HOA was foreclosing on the super-priority portion of its lien, if any, or on the sub-priority portion of its lien in any of the recorded documents.

39. The HOA and Alessi failed to specify in any of the recorded documents that Plaintiff's interest in the Property would be extinguished by the HOA foreclosure.

40. The HOA and Alessi failed to market, sell, or auction the Property for a commercially reasonable value.

41. Defendant SFR purports to have purchased the Property at the January 9, 2013 foreclosure sale for $8,000.00.

42. The Property has an approximate fair market value well in excess of the $8,000.00 purchase price.

43. The sale and purchase of the Property was unconscionable and commercially unreasonable.

44. Concurrent with filing this action and pursuant to NRS 30.130, Wells Fargo has notified the Nevada Attorney General's Office of this constitutional challenge to NRS 116.3116, *et seq*.

- 6 -

21472056

## FIRST CAUSE OF ACTION
(Declaratory Relief under Amendment V to the United States Constitution –
Takings Clause – Against All Defendants)

45. Wells Fargo repeats and re-alleges the allegations set forth in Paragraphs 1-44 herein.

46. Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

47. The foreclosure pursuant to NRS 116.3116 *et seq.* effected a regulatory taking of Wells Fargo's secured interest in the Property without just compensation, in violation of the Fifth Amendment to the United States Constitution which prohibits "private property be[ing] taken without just compensation." U.S. Const. amend. V.

48. NRS 116.3116 *et seq.* on its face effects a regulatory taking of Wells Fargo's secured interest in the Property without just compensation, in violation of the Fifth Amendment.

49. An actual and justiciable controversy exists between Wells Fargo and Defendants regarding the purported foreclosure sale and the rights associated with the foreclosure sale.

50. Without declaratory relief, an interpretation of NRS 116.3116 *et seq.*, and an interpretation of the constitutional validity of NRS 116.3116 *et seq.*, Wells Fargo's rights and secured interest in the Property will be adversely affected.

51. Based upon the foregoing, Wells Fargo requests an order declaring that the purported foreclosure sale under NRS 116.3116 *et seq.* did not extinguish Wells Fargo's Deed of Trust, which continues as a valid encumbrance against the Property.

52. Based upon the foregoing, Wells Fargo requests an order declaring that the purported foreclosure sale be voided and set aside because the foreclosure pursuant to NRS 116.3116 *et seq.* effected a regulatory taking of Wells Fargo's secured interest in the Property without just compensation, in violation of the Fifth Amendment to the United States Constitution.

53. Wells Fargo has been damaged by the HOA, Alessi, and Defendant SFR's conduct as specified herein in an amount to be proven at trial hereof.

54. Wells Fargo has been compelled to retain the undersigned counsel to represent it in

- 7 -

21472056

this matter and has and will continue to incur attorney's fees and costs.

**SECOND CAUSE OF ACTION**
**(Declaratory Relief under Amendments V and XIV to the United States Constitution –**
**Due Process Clauses – Against All Defendants)**

55. Wells Fargo repeats and re-alleges the allegations set forth in Paragraphs 1-54 herein.

56. Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

57. NRS 116.3116 *et seq.* on its face violates Wells Fargo's constitutional rights, in particular those rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution which provide that the government shall not deprive any person "of life, liberty, or property, without due process of law" and is thus void and unenforceable. U.S. Const. amend. V, XIV.

58. Any purported notice provided was inadequate, insufficient, and in violation of Wells Fargo's rights to due process under the Fifth and Fourteenth Amendment to the United States Constitution.

59. An actual and justiciable controversy exists between Wells Fargo and Defendants regarding the purported foreclosure sale and the rights associated with the foreclosure sale.

60. Without declaratory relief, an interpretation of NRS 116.3116 *et seq.*, and an interpretation of the constitutional validity of NRS 116.3116 *et seq.*, Wells Fargo's rights and secured interest in the Property will be adversely affected.

61. Based upon the foregoing, Wells Fargo requests an order declaring that the purported foreclosure sale under NRS 116.3116 *et seq.* did not extinguish Wells Fargo's Deed of Trust, which continues as a valid encumbrance against the Property.

62. Based upon the foregoing, Wells Fargo requests an order declaring that the purported foreclosure sale be voided and set aside because NRS 116.3116 *et seq.* on its face violates Wells Fargo's rights to due process under the Fifth and Fourteenth Amendments to the

21472056

United States Constitution.

63. Wells Fargo has been damaged by Defendants' conduct as specified herein in an amount to be proven at trial hereof. Wells Fargo has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

## THIRD CAUSE OF ACTION
### (Wrongful Foreclosure against All Defendants)

64. Wells Fargo repeats and re-alleges the allegations set forth in Paragraphs 1-63 herein.

65. Defendant SFR wrongfully purported to purchase Wells Fargo's Property in violation of NRS 116.3116 et seq. and common law.

66. The foreclosure sale was wrongful, because the foreclosure itself was contrary to law, in that:

(a) NRS 116.3116 et seq. on its face violates Wells Fargo's constitutional rights, in particular those rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution which provide that the government shall not deprive any person "of life, liberty, or property, without due process of law" and is thus void and unenforceable. U.S. Const. amend. V, XIV.

(b) The foreclosure pursuant to NRS 116.3116 et seq. effected a regulatory taking of Wells Fargo's secured interest in the Property without just compensation, in violation of the Fifth Amendment to the United States Constitution which prohibits "private property be[ing] taken without just compensation." U.S. Const. amend. V.;

(c) The extinguishment of Wells Fargo's security interest in the Property, with a federally owned or insured mortgage, is barred by the Supremacy Clause of the United States Constitution. U.S. Const. art. IV, § 3, cl. 2.; and

(d) Any purported notice provided was also inadequate, insufficient, and in violation of Wells Fargo's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

21472056

67. Defendant SFR is not a bona fide purchaser of the Property.

68. Defendant SFR's $8,000.00 purchase price for the Property was unconscionable.

69. Defendant SFR's $8,000.00 purchase price for the Property was not commercially reasonable.

70. Based upon the foregoing, Wells Fargo requests an order declaring that the purported foreclosure sale did not extinguish Wells Fargo's Deed of Trust, which continues as a valid encumbrance against the Property.

71. Based upon the foregoing, Wells Fargo requests an order declaring that the purported foreclosure sale be voided and set aside because SFR is not a bona fide purchaser of the Property.

72. Based upon the foregoing, Wells Fargo requests an order setting aside the purported foreclosure sale as void because SFR's $8,000.00 purchase price for the Property was not commercial reasonable.

73. Based upon the foregoing, Wells Fargo requests an order declaring that the purported foreclosure sale be voided and set aside because SFR's $8,000.00 purchase price for the Property was unconscionable.

74. Wells Fargo has been damaged by Defendants' conduct as specified herein, by the potential loss of its security interest in the Property, in an amount to be proven at trial hereof. Wells Fargo has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

**FOURTH CAUSE OF ACTION**
**(Violation of NRS 116.1113 *et seq.* – Against the HOA and Alessi)**

75. Wells Fargo repeats and re-alleges the allegations set forth in Paragraph 1-74 herein, and in particular reasserts the allegations set forth in Paragraphs 31-39 herein.

76. The HOA and Alessi wrongfully foreclosed upon the Property in violation of the Statute.

77. Given the above-enumerated violations of the Statute, and particularly NRS 116.21162(1)(b)(1), Wells Fargo reasserts that the sale of the Property be voided and set aside

- 10 -

21472056

and requests any and all damages flowing from these violations.

## FIFTH CAUSE OF ACTION
### (Intentional Interference with Contract against All Defendants)

78. Wells Fargo repeats and re-alleges the allegations set forth in Paragraphs 1-77 herein.

79. Wells Fargo had a valid contract with Borrowers as evidenced by the promissory note and Deed of Trust, which included as part of the benefit of the bargain a first priority secured interest in the Property.

80. The HOA, Alessi, and SFR knew or should have known of the contract between Wells Fargo and the Borrowers.

81. The HOA and Alessi knowingly interfered with the contract between Wells Fargo and the Borrowers by failing to market, sell, or auction the Property for a commercially reasonable or fair market value, thus evidencing intent to harm Wells Fargo.

82. SFR knowingly interfered with the contract between Wells Fargo and the Borrowers by wrongfully obtaining possession of the Property for an unconscionable and commercially unreasonable amount, thus evidencing intent to harm Wells Fargo.

83. SFR knowingly interfered with the contract between Wells Fargo and the Borrowers by wrongfully obtaining possession of the Property and attempting to extinguish Wells Fargo's security interest in the Property.

84. The HOA, Alessi, and SFR all lacked justification for these interferences, because of the many constitutional infirmities in NRS 116.3116 *et seq.* described within this Complaint, including:

(a) NRS 116.3116 et seq. on its face violates Wells Fargo's constitutional rights, in particular those rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution which provide that the government shall not deprive any person "of life, liberty, or property, without due process of law" and is thus void and unenforceable. U.S. Const. amend. V, XIV.

(b) The foreclosure pursuant to NRS 116.3116 *et seq.* effected a regulatory taking of

Wells Fargo's secured interest in the Property without just compensation, in violation of the United States Constitution. U.S. Const. amend. V.;

(c) The extinguishment of Wells Fargo's security interest in the Property, with a federally owned or insured mortgage, is barred by the Supremacy Clause of the United States Constitution. U.S. Const. art. IV, § 3, cl. 2.; and

(d) Any purported notice provided was also inadequate, insufficient, and in violation of Wells Fargo's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution. U.S. Const. amend. V, XIV.

85. Wells Fargo has been damaged by Defendants' conduct as specified herein, by the potential loss of its security interest in the Property, in an amount to be proven at trial hereof. Wells Fargo has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

**SIXTH CAUSE OF ACTION**
**(Quiet Title – Against All Defendants)**

86. Wells Fargo repeats and re-alleges the allegations set forth in Paragraphs 1-85 herein.

87. For all of the independent reasons cited above in Causes of Action 1-6, the HOA sale did not extinguish the senior Deed of Trust.

88. For all of the independent reasons cited above in Causes of Action 1-6, Wells Fargo requests an order declaring that the purported HOA foreclosure sale did not extinguish Wells Fargo's Deed of Trust, which continues as a valid encumbrance against the Property.

89. For all of the independent reasons cited above in Causes of Action 1-6, Wells Fargo requests an order declaring that the purported HOA foreclosure sale be voided and set aside because SFR is not a bona fide purchaser of the Property.

90. For all of the independent reasons cited above in Causes of Action 1-6, Wells Fargo requests an order setting aside the purported HOA foreclosure sale as void because SFR's $8,000.00 purchase price for the Property was not commercially reasonable.

21472056

91.     For all of the independent reasons cited above in Causes of Action 1-6, Wells Fargo requests an order declaring that the purported HOA foreclosure sale be voided and set aside because SFR's $8,000.00 purchase price for the Property was unconscionable.

92.     Wells Fargo has been damaged by Defendants' conduct as specified herein, by the potential loss of its security interest in the Property, in an amount to be proven at trial hereof. Wells Fargo has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

93.     Accordingly, Wells Fargo requests that title be quieted in its name and its Deed of Trust continue as a valid encumbrance against the Property.

**NOW, THEREFORE,** Wells Fargo requests a judgment in its favor against Defendants Fiesta Del Norte Homeowners Association, Alessi & Koenig, LLC, and SFR Investments Pool 1, LLC as follows:

A.   A declaration in favor of Wells Fargo that the Deed of Trust is not extinguished and continues as a valid encumbrance against the Property;

B.   That title in the Property be quieted in Wells Fargo;

C.   A declaration that the Deed of Trust is superior to the interest of SFR and any other defendants;

D.   That the foreclosure sale be declared void and set aside;

E.   For judgment in an amount proven at trial in excess of $200,000;

F.   That Wells Fargo be awarded attorney's fees and costs, plus interest accruing thereon, in its favor at the maximum rate allowed by law; and

G.   That the Court award such other and further relief as it may deem appropriate.

21472056

| | |
|---|---|
| Dated: April 29, 2015 | SNELL & WILMER L.L.P. |
| | By: /s/ Wayne Klomp |
| | Amy F. Sorenson (NV Bar No. 12495) |
| | Andrew M. Jacobs (NV Bar No. 12787) |
| | Wayne Klomp (NV Bar No. 10109) |
| | 50 West Liberty Street, Suite 510 |
| | Reno, Nevada 89501-1961 |
| | Telephone: (775) 785-5440 |
| | Facsimile: (775) 785-5441 |
| | *Attorneys for Plaintiff Wells Fargo Bank, N.A.* |