HOWARD C. KIM, ESQ.
Nevada Bar No. 10386
E-mail: howard@hkimlaw.com
DIANA S. CLINE, ESQ.
Nevada Bar No. 10580
E-mail: diana@hkimlaw.com
JACQUELINE A. GILBERT, ESQ.
Nevada Bar No. 10593
E-mail: jackie@hkimlaw.com
HOWARD KIM & ASSOCIATES
1055 Whitney Ranch Drive, Suite 110
Henderson, Nevada 89014
Telephone: (702) 485-3300
Facsimile: (702) 485-3301
*Attorneys for SFR Investments Pool 1, LLC*

**HOWARD KIM & ASSOCIATES**
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A., a national banking association, | Case No. 2:15-cv-00800-GMN-CWH |
| Plaintiff, | |
| vs. | **SFR INVESTMENTS POOL 1, LLC'S ANSWER, COUNTERCLAIM, AND CROSS-CLAIM** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; FIESTA DEL NORTE HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; ALESSI & KOENIG, LLC., a Nevada limited liability company, inclusive, | |
| Defendants. | |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company, | |
| Counter-Claimant, | |
| vs. | |
| WELLS FARGO BANK, N.A., a national banking association; EDGAR I. TREYES, an individual, | |
| Counter-Defendant/Cross-Defendant. | |

SFR INVESTMENTS POOL 1, LLC ("SFR") hereby answers WELLS FARGO BANK,

N.A.'s ("Wells Fargo" or "Bank) complaint as follows:

**PARTIES, JURISDICTION AND VENUE**

1. The documents referenced in paragraph 1 of the complaint speak for themselves, and SFR denies any allegations inconsistent with said documents.  To the extent that paragraph 1 alleges the subject deed of trust is currently a valid instrument, for which there may be a "current" beneficiary, SFR denies such allegation.  Further, SFR admits that the property located at **3616 Cantura Crest Court, North Las Vegas, Nevada 89031; Parcel No. 124-29-413-022** (the "Property") is the subject property of this litigation.

2. Answering paragraph 2 of the complaint, SFR admits that it is Nevada limited liability company doing business in Clark County, Nevada.

3. Answering paragraph 3 of the complaint, upon information and belief, SFR admits that Fiesta Del Norte Homeowners Association ("the Association") is a Nevada non-profit corporation incorporated in Nevada and doing business in and with its principal place of business in Clark County, Nevada.

4. Answering paragraph 4 of the complaint, upon information and belief, SFR admits that Alessi & Koenig, LLC ("Alessi") is a Nevada limited liability company doing business in Clark County, Nevada.

5. The allegations contained in paragraphs 5, 6, 7 and 8 of the complaint call for a legal conclusion, therefore, no answer is required.  To the extent an answer is required, SFR denies the factual allegations contained in paragraphs 5, 6, 7 and 8 of the complaint.

**GENERAL ALLEGATIONS**

6. The allegations contained in paragraph 9 of the complaint call for a legal conclusion, therefore, no answer is required.  To the extent an answer is required, SFR denies the allegations contained in paragraph 9 of the complaint.

7. The statutes referenced in paragraph 10 and 11 of the complaint speak for themselves and SFR denies any allegations inconsistent with said statutes.  The allegations in paragraphs 10 and 11 of the complaint call for a legal conclusion, therefore no answer is required.  To the extent an answer is required, SFR denies any factual allegations contained in paragraphs 10 and

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

11 of the complaint.

8. The document referenced in paragraph 12 of the complaint speaks for itself, and SFR denies any allegations inconsistent with said document. SFR is without knowledge sufficient to form a belief as to the remaining factual allegations contained in paragraph 12 of the complaint and therefore denies the same.

9. The documents referenced in paragraphs 13 and 14 of the complaint speak for themselves, and SFR denies any allegations inconsistent with said documents. To the extent that paragraphs 13 and 14 allege the subject deed of trust is currently a valid instrument, for which there may be a current beneficiary, SFR denies such allegation.

10. The documents referenced in paragraphs 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and 27 of the complaint speak for themselves, and SFR denies any allegations inconsistent with said documents.

11. To the extent that paragraph 28 of the complaint alleges the subject deed of trust is currently a valid instrument, for which there may be a current beneficiary, SFR denies such allegation. The remaining allegations contained in paragraph 28 of the complaint call for a legal conclusion, therefore, no answer is required. To the extent an answer is required, SFR denies the remaining factual allegations contained in paragraph 28.

12. The allegations contained in paragraphs 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39 and 40 of the complaint call for a legal conclusion, therefore, no answer is required. To the extent an answer is required, SFR denies the remaining factual allegations contained in paragraphs 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39 and 40.

13. Answering paragraph 41, SFR admits, upon information and belief, that the HOA and Alessi foreclosed on the Property on September 25, 2013. The remaining allegations in paragraph 27 of the complaint call for a legal conclusion to which no answer is required. To the extent an answer is required, SFR denies the remaining factual allegations contained in paragraph 41 of the complaint.

14. The allegations contained in paragraphs 42 and 43 of the complaint call for a legal

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

- 3 -

1    conclusion, therefore, no answer is required.  To the extent an answer is required, SFR denies

2    the remaining factual allegations contained in paragraphs 42 and 43 of the complaint.

3        15. SFR is without sufficient knowledge or information to form a belief as to the truth of the

4    factual allegations contained in paragraph 44 of the complaint, and therefore denies said

5    allegations.

### FIRST CAUSE OF ACTION
**(Declaratory Relief Under Amendment V to the United States Constitution – Takings Clause – Against All Defendants)**

6

7

8        16. SFR repeats and realleges its answers to paragraphs 1 through 44 of the complaint as

9    though fully set forth herein.

10        17. The allegations in paragraphs 46, 47, 48, 49, 50, 51, 52 and 53 of the complaint call for a

11    legal conclusion to which no response is required.  To the extent a response is required, SFR

12    denies the allegations in paragraphs 46, 47, 48, 49, 50, 51, 52 and 53 of the complaint.

13        18. SFR denies the allegations contained in paragraph 54 of the complaint.

### SECOND CAUSE OF ACTION
**(Declaratory Relief Under Amendments V and XIV of the United States Constitution – Due Process Clauses – Against All Defendants)**

14

15

16        19. SFR repeats and realleges its answers to paragraphs 1 through 55 of the complaint as

17    though fully set forth herein.

18        20. The allegations in paragraphs 56, 57, 58, 59, 60, 61, 62 and 63 of the complaint call for a

19    legal conclusion to which no response is required.  To the extent a response is required, SFR

20    denies the allegations in paragraphs 56, 57, 58, 59, 60, 61, 62 and 63 of the complaint.

21

### THIRD CAUSE OF ACTION
**(Wrongful Foreclosure Against All Defendants)**

22

23        21. SFR repeats and realleges its answers to paragraphs 1 through 63 of the complaint as

24    though fully set forth herein.

25        22. The allegations in paragraphs 64, 65, 66(a), 66(b), 66(c), 66(d), 67, 68, 69, 70, 71, 72, 73

26    and 74 of the complaint call for a legal conclusion to which no response is required.  To the

27    extent a response is required, SFR denies the allegations in paragraphs 64, 65, 66(a), 66(b),

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

66(c), 66(d), 67, 68, 69, 70, 71, 72, 73 and 74 of the complaint.

## FOURTH CAUSE OF ACTION
### (Violation of NRS 116.1113 *et seq.* - Against the HOA and Alessi)

23. SFR repeats and realleges its answers to paragraphs 1 through 74 of the complaint as though fully set forth herein.

24. The allegations in paragraphs 76 and 77 of the complaint call for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies the allegations in paragraphs 76 and 77 of the complaint.

## FIFTH CAUSE OF ACTION
### (Intentional Interference with Contract – Against All Defendants)

25. SFR repeats and realleges its answers to paragraphs 1 through 77 of the complaint as though fully set forth herein.

26. The allegations in paragraphs 79, 80, 81, 82, 83, 84(a), 84(b), 84(c), 84(d) and 85 of the complaint call for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies the allegations in paragraphs 79, 80, 81, 82, 83, 84(a), 84(b), 84(c), 84(d) and 85 of the complaint.

## SIXTH CAUSE OF ACTION
### (Quiet Title Against All Defendants)

27. SFR repeats and realleges its answers to paragraphs 1 through 85 of the complaint as though fully set forth herein.

28. The allegations in paragraphs 87, 88, 89, 90, 91, 92 and 93 of the complaint call for a legal conclusion to which no response is required.  To the extent a response is required, SFR denies the allegations in paragraphs 87, 88, 89, 90, 91, 92 and 93 of the complaint.

## AFFIRMATIVE DEFENSES

1.  The Bank fails to state a claim upon which relief may be granted.

2.  The Bank is not entitled to relief from or against SFR, as the Bank has not sustained any loss, injury, or damage that resulted from any act, omission, or breach by SFR.

3.  The occurrence referred to in the complaint, and all injuries and damages, if any,

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1  resulting therefrom, were caused by the acts or omissions of the Bank.

2      4.  The occurrence referred to in the complaint, and all injuries and damages, if any,

3  resulting therefrom, were caused by the acts or omissions of a third party or parties over whom

4  SFR had no control.

5      5.  SFR did not breach any statutory or common law duties allegedly owed to the Bank.

6      6.  The Bank's claims are barred because SFR complied with applicable statutes and with

7  the requirements and regulations of the State of Nevada.

8      7.  The Bank's claims are barred because the Association and its agents complied with

9  applicable statutes and regulations.

10      8.  The Bank's causes of action are barred in whole or in part by the applicable statutes of

11  limitations or repose, or by the equitable doctrines of laches, waiver, estoppel, ratification and

12  unclean hands.

13      9.  The Bank is not entitled to equitable relief because it has an adequate remedy at law.

14      10. The Bank has no standing to enforce the first deed of trust and/or the underlying

15  promissory note.

16      11. The Bank has no standing to enforce the statutes and regulations identified in the

17  complaint.

18      12. The first deed of trust and other subordinate interests in the Property were extinguished

19  by the Association foreclosure sale held in accordance with NRS Chapter 116.

20      13. Any purported assignment of the first deed of trust to the Bank after the Association

21  foreclosure sale was ineffective.

22      14. The Bank has no remedy against SFR because, pursuant to NRS 116.31166, SFR is

23  entitled to rely on the recitals contained in the Association foreclosure deed that the sale was

24  properly noticed and conducted.

25      15. The Bank has no remedy against SFR because SFR is a bona fide purchaser for value.

26      16. Pursuant to Federal Rules of Civil Procedure 11, as amended, all possible affirmative

27  defenses may not have been alleged herein insofar as sufficient facts were not available after

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

reasonable inquiry at the time of filing this Answer.  Therefore, SFR reserves the right to amend this Answer to assert any affirmative defenses if subsequent investigation warrants.

**COUNTERCLAIM AND CROSS CLAIM**

**FOR QUIET TITLE AND INJUNCTIVE RELIEF**

SFR INVESTMENTS POOL 1, LLC ("SFR"), hereby demands quiet title and requests injunctive relief against Counter-Defendant WELLS FARGO BANK, N.A. and Cross-defendant, EDGAR I. REYES, an individual, as follows:

**I.   PARTIES**

1.  SFR is a Nevada limited liability company with its principal place of business in Clark County, Nevada and the current title owner of the property commonly known as **3616 Cantura Crest Court, North Las Vegas, Nevada 89031; Parcel No. 124-29-413-022** (the "Property").

2.  Upon information and belief, Counter-Defendant WELLS FARGO BANK, N.A. ("Wells Fargo" or "the Bank") is a national association that may claim an interest in the Property via a 2005 deed of trust securing a loan originated by Linear Financial, LP, DBA Pardee Home Loans ("Linear").

3.  Upon information and belief, Defendant EDGAR I. TREYES ("Treyes") is a Nevada resident and former title owner to the Property.

**II**.   **GENERAL ALLEGATIONS**

*SFR Acquired Title to the Property through Foreclosure of an Association Lien with Super Priority Amounts*

4.  SFR acquired the Property on September 25, 2013 by successfully bidding on the Property at a publicly-held foreclosure auction in accordance with NRS 116.3116, *et. seq.* ("Association foreclosure sale").

5.  On or about September 27, 2013, the resulting foreclosure deed was recorded in the Official Records of the Clark County Recorder as Instrument Number 201212200004604 ("Association Foreclosure Deed").

6.  Since purchasing the Property, SFR has expended additional funds and resources in relation to the Property.

- 7 -

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

7. Fiesta Del Norte Homeowners Association ("Association") had a lien pursuant to NRS 116.3116(1) ("Association Lien") that was perfected at the time the Association recorded its declaration of CC&Rs.

8. The foreclosure sale was conducted by Alessi & Koenig, LLC ("Alessi"), agent for the Association pursuant to the powers conferred by the Nevada Revised Statutes 116.3116, 116.31162-116.31168, the Association's governing documents (CC&R's) and a Notice of Delinquent Assessments, recorded on September 20, 2012, in the Official Records of the Clark County Recorder as Instrument Number 201209200001279.

9. As recited in the Association Foreclosure Deed, the Association foreclosure sale complied with all requirements of law, including but not limited to, recording and mailing of copies of Notice of Delinquent Assessments and Notice of Default, and the recording, posting and publication of the Notice of Sale.

10. Pursuant to NRS 116.3116(2), the entire Association Lien is prior to all other liens and encumbrances of unit except:

> (a) Liens and encumbrances recorded before the recordation of the declaration and, in a cooperative, liens and encumbrances which the association creates, assumes or takes subject to;
> (b) A first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent or, in a cooperative, the first security interest encumbering only the unit's owner's interest and perfected before the date on which the assessment sought to be enforced became delinquent; and
> (c) Liens for real estate taxes and other governmental assessments or charges against the unit or cooperative.

11. NRS 116.3116(2) further provides that a portion of the Association Lien has priority over even a first security interest in the Property:

> [the Association Lien] is also prior to all security interests described in paragraph (b) to the extent of any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien[.]

12. Pursuant to NRS 116.1104, the provisions of NRS 116.3116(2) granting priority cannot be waived by agreement or contract, including any subordination clause in the CC&Rs.

13. According to NRS 116.1108, real property law principles supplement the provisions of

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1  NRS 116.

2     14. Upon information and belief, the Association took the necessary action to trigger the

3  super-priority portion of the Association Lien.

4     15. Upon information and belief, no party still claiming an interest in the Property recorded a

5  lien or encumbrance prior to the declaration creating the Association.

6     16. Upon information and belief, the Bank and cross-defendant had actual and/or

7  constructive notice of the requirement to pay assessments to the Association and of the

8  Association Lien.

9     17. Upon information and belief, the Bank and cross-defendant had actual and/or

10  constructive notice of the Association's foreclosure proceedings.

11     18. Upon information and belief, prior to the Association foreclosure sale, no individual or

12  entity paid the full amount of delinquent assessments described in the Notice of Default.

13     19. Upon information and belief, the Bank had actual and/or constructive notice of the super-

14  priority portion of the Association Lien.

15     20. Upon information and belief, at all relevant times, the Bank had internal policies and

16  procedures relating to super-priority liens.

17     21. Upon information and belief, the Bank knew or should have known that its interest in the

18  Property could be extinguished through foreclosure if it failed to cure the super-priority portion

19  of the Association Lien representing 9 months of assessments for common expenses based on the

20  periodic budget adopted by the association which would have become due in the absence of

21  acceleration for the relevant time period.

22     22. Upon information and belief, prior to the Association foreclosure sale,  no individual or

23  entity paid the super-priority portion of the Association Lien representing 9 months of

24  assessments for common expenses based on the periodic budget adopted by the association

25  which would have become due in the absence of acceleration for the relevant time period.

26     23. Pursuant to NRS 116.31166, the foreclosure sale vested title in the Association "without

27  equity or right of redemption," and the Association Foreclosure Deed is conclusive against the

28

1  Property's "former owner, his or her heirs and assigns, and **all other persons**."

2  *Interests, Liens and Encumbrances Extinguished by the Super-Priority Association Lien*

3  24. Upon information and belief, Treyes obtained title to the Property in February of 2005

4  through a grant, bargain, sale deed from Pardee Homes of Nevada which was recorded in

5  Official Records of the Clark County Recorder as Instrument No. 200502170004299.

6  25. On or about February 17, 2005, Linear Financial, LP, DBA Pardee Home Loans ("Linear

7  Financial") recorded a deed of trust against the Property in the Official Records of the Clark

8  County Recorder as Instrument No. 200502170004301 ("First Deed of Trust").

9  26. Upon information and belief, the Association was formed and its declaration of CC&Rs

10  was recorded in the Official Records of the Clark County Recorder before the First Deed of Trust

11  was recorded.

12  27. Upon information and belief, Linear Financial had actual or constructive notice of the

13  Association Lien and NRS 116.3116 before it funded the loan secured by the First Deed of Trust.

14  28. The First Deed of Trust contains a Planned Unit Development Rider and a legal

15  description recognizing the applicability of Association's declaration of CC&Rs that were

16  recorded.

17  29. Upon information and belief, on February 14, 2005, Kevin J. Rudeen, Assistant Secretary

18  for Linear Financial executed an assignment that transferred the beneficial interest in the First

19  Deed of Trust, together with the underlying promissory note to Mortgage Electronic Registration

20  Systems, Inc, ("MERS"). The assignment was recorded on September 22, 2005 against the

21  Property in Official Records of the Clark County Recorder as Instrument No. 200509220005362.

22  30. Upon information and belief, MERS had actual or constructive notice of the Association

23  Lien and NRS 116.3116 before it obtained an interest in the First Deed of Trust, along with

24  Association's foreclosure proceedings.

25  31. Upon information and belief, on December 24, 2012, Bethany K. Willis, Assistant

26  Secretary for MERS executed an assignment that transferred the beneficial interest in the First

27  Deed of Trust, together with the underlying promissory note, to U.S. Bank National Association

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

("U.S. Bank").  The assignment was recorded on January 11, 2013 against the Property in Official Records of the Clark County Recorder as Instrument No. 201301110002435.

32. Upon information and belief, U.S. Bank had actual or constructive notice of the Association Lien and NRS 116.3116 before it obtained an interest in the First Deed of Trust, along with Association's foreclosure proceedings.

33. Upon information and belief, On January 11, 2013, National Default Servicing Corporation ("NDSC"), as trustee for the first deed of trust recorded a substitution of trustee naming NDSC as the trustee for the first deed of trust in the Official Records of the Clark County Recorder as Instrument No. 201301110002436.

34. On or about September 27, 2013, NDSC recorded a notice of default and election to sell under deed of trust for amounts that became due on June 1, 2012 in Official Records of the Clark County Recorder as Instrument No. 201309270002231.

35. On or about February 10, 2014, NDSC, as trustee for the first deed of trust, recorded a Notice of Trustee's Sale stating that the Property would be sold at a public auction pursuant to the terms of the First Deed of Trust on March 3, 2014 at 10:00 a.m., in the Official Records of the Clark County Recorder as Instrument No. 201402100001625.

36. On February 12, 2014, SFR filed a complaint for quiet title and injunctive relief in the District Court for the Eight Judicial District, Clark County, Nevada in Case No. A-14-696097-C.

37. On February 13, 2014, SFR recorded a notice of lis pendens against the Property in the in the Official Records of the Clark County Recorder as Instrument No. 201402130000715.

38. Upon information and belief, on March 25, 2014, Dorothy Hawley, Mortgage Banking Officer for U.S. Bank executed an assignment that transferred the beneficial interest in the First Deed of Trust, together with the underlying promissory note, to Wells Fargo.  The assignment was recorded on April 2, 2014 against the Property in Official Records of the Clark County Recorder as Instrument No. 201404020001108.

39. Upon information and belief, Wells Fargo had actual or constructive notice of the Association Lien, NRS 116.3116 and SFR's pending litigation before it obtained an interest in

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1  the First Deed of Trust, along with Association's foreclosure proceedings.

2  40. Upon information and belief, on April 11, 2014, Rochelle Kachi Chien, Assistant

3  Secretary for MERS executed an assignment that transferred the beneficial interest in the First

4  Deed of Trust, together with the underlying promissory note, to Wells Fargo.  The assignment

5  was recorded on April 16, 2014 against the Property in Official Records of the Clark County

6  Recorder as Instrument No. 201404160000078.

7  41. Upon information and belief, Wells Fargo had actual or constructive notice of the

8  Association Lien, NRS 116.3116 and SFR's pending litigation before it obtained an interest in

9  the First Deed of Trust, along with Association's foreclosure proceedings.

10  42. On September 18, 2014, the Nevada Supreme Court issued its opinion in *SFR*

11  *Investments Pool I, LLC v. U.S. Bank, N.A.*, 130 Nev. ___, ___, 334 P.3d 408, 419 (2014), ruling

12  that a non-judicial foreclosure of  an associations' super-priority lien extinguishes a first deed of

13  trust.

14  43. On October 16, 2014, in light of the *SFR* decision, SFR filed a notice of voluntary

15  dismissal of all the parties in Case No. A-14-696097-C.

16  44. On or about December 16, 2014, NDSC recorded a notice of rescission of notice of

17  default and election to sell under deed of trust in Official Records of the Clark County Recorder

18  as Instrument No. 201412160002789.

19  45. Despite the *SFR* ruling, on April 29, 2015, the Bank filed a complaint for quiet title and

20  declaratory relief against SFR.

21  46.  Treyes's ownership interest in the Property, if any, was extinguished by the foreclosure

22  of the Association Lien.

23  47. The Bank's security interest in the Property, if any, was extinguished by the foreclosure

24  of the Association Lien, which contained super-priority amounts.

25  **III.  FIRST CLAIM FOR RELIEF**
**(Declaratory Relief/Quiet Title Pursuant to NRS 30.010, *et. seq*., NRS 40.010 & NRS**

26  **116.3116)**

27  48. SFR repeats and realleges the allegations of paragraphs 1-47 as though fully set forth

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1    herein and incorporates the same by reference.

2    49. Pursuant to NRS 30.010, *et. seq*. and NRS 40.010, this Court has the power and authority

3    to declare the SFR's rights and interests in the Property and to resolve the Bank's adverse claims

4    in the Property.

5    50. Upon information and belief, the Bank may claim an interest in the Property through the

6    First Deed of Trust, even after the Association foreclosure sale.

7    51. Upon information and belief, Treyes, as former owner of the Property may claim an

8    ownership interest in the Property.

9    52. A foreclosure sale conducted pursuant to NRS 116.31162-116.31168, like all foreclosure

10    sales, extinguishes the title owner's interest in the Property and all junior liens and

11    encumbrances, including deeds of trust.

12    53. Pursuant to NRS 116.3116(2), the super-priority portion of the Association Lien has

13    priority over the First Deed of Trust.

14    54. The Bank and the cross-defendant were duly notified of the Association foreclosure sale

15    and failed to act to protect their interests in the Property, if any legitimately existed.

16    55. SFR is entitled to a declaratory judgment from this Court finding that: (1) SFR is the title

17    owner of the Property; (2) the Association foreclosure deed is valid and enforceable; (3) the

18    Association foreclosure sale extinguished Treyes's ownership interest in the Property and the

19    Bank's purported security interest; and (4) SFR's rights and interest in the Property are superior

20    to any adverse interest claimed by the Bank and/or Cross-Defendant.

21    56. SFR seeks an order from the Court quieting title to the Property in favor of SFR.

**IV.  SECOND CLAIM FOR RELIEF**
**(Preliminary and Permanent Injunction)**

57. SFR repeats and realleges the allegations of paragraphs 1-56 as though fully set forth

herein and incorporate the same by reference.

58. As set forth above, the Bank and Cross-Defendant may claim security and ownership

interests in the Property.

59. A foreclosure sale based on the First Deed of Trust would be invalid as the Bank lost its

- 13 -

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1    interest in the Property, if any, at the Association foreclosure sale.

2        60. Any attempt to take or maintain possession of the Property by the Bank or Cross-

3    Defendant would be invalid because their interest in the Property, if any, was extinguished by the

4    Association foreclosure sale.

5        61. Any attempt to sell, transfer, encumber or otherwise convey the Property by the Bank or

6    Cross-Defendant would be invalid because their interest in the Property, if any, was extinguished

7    by the Association foreclosure sale.

8        62. On the basis of the facts described herein, SFR has a reasonable probability of success on

9    the merits of its claims and has no other adequate remedies at law.

10       63. SFR is entitled to a preliminary injunction and permanent injunction prohibiting Counter-

11   Defendant and/or Cross-Defendant from any sale or transfer that would affect the title to the

12   Property.

### V.  PRAYER FOR RELIEF

14       SFR requests judgment against the Bank and Cross-defendant as follows:

15   1.  For a declaration and determination that the Association foreclosure sale and resulting

16       foreclosure deed are valid, that SFR Investments Pool 1, LLC is the rightful owner of title

17       to the Property, and that the Bank and Cross-Defendant have no right, title or interest in

18       the Property;

19   2.  For a preliminary and permanent injunction that the Bank and the Cross-Defendant, their

20       successors, assigns and agents are prohibited from initiating or continuing foreclosure

21       proceedings, and from selling or transferring the Property;

22       For an award of attorney's fees and costs of suit; and

23   ///

24   ///

25   ///

26   ///

27   ///

28

HOWARD KIM & ASSOCIATES
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301

1    3.   For any further relief that the Court may deem just and proper.

2         DATED June 9th, 2015.

3                                              **HOWARD KIM & ASSOCIATES**

4                                              */s/ Diana S. Cline*
                                               Howard C. Kim, Esq.
5                                              Nevada Bar No. 10386
                                               Diana S. Cline, Esq.
6                                              Nevada Bar No. 10580
                                               Jacqueline A. Gilbert, Esq.
7                                              Nevada Bar No. 10593
                                               1055 Whitney Ranch Drive, Suite 110
8                                              Henderson, Nevada  89014
                                               Phone: (702) 485-3300
9                                              Fax:    (702) 485-3301
                                               *Attorneys for SFR Investments Pool 1, LLC*
10

11                            **CERTIFICATE OF SERVICE**

12        I HEREBY CERTIFY that on this 9th day of June, 2015, pursuant to FRCP 5, I served

13   via the CM-ECF electronic filing system the foregoing **Answer, Counterclaim and Cross-**

14   **Claim** to the following parties:

15   Amy F. Sorenson, Esq.

16   Andrew M. Jacobs, Esq.
     Wayne Klomp, Esq.

17   SNELL & WILMER, LLP
     50 West Liberty Street, Suite 510

18   Reno, Nevada 8951-1961
     asorenson@swlaw.com

19   ajacobs@swlaw.com

20   wklomp@swlaw.com
     *Attorneys for Wells Fargo Bank, N.A.*

21

22                                             */s/ Andrew M. David*
                                               An employee of Howard Kim & Associates
23

24

25

26

27

28

**HOWARD KIM & ASSOCIATES**
1055 WHITNEY RANCH DRIVE, SUITE 110
HENDERSON, NEVADA 89014
(702) 485-3300 FAX (702) 485-3301