Amy F. Sorenson, Esq.
Nevada Bar No. 12495
Andrew M. Jacobs, Esq.
Nevada Bar No. 12787
Wayne Klomp, Esq.
Nevada Bar No. 10109
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, NV 89501-1961
Telephone: (775) 785-5440
Facsimile: (775) 785-5441
Email: asorenson@swlaw.com
      ajacobs@swlaw.com
      wklomp@swlaw.com

*Attorneys for Plaintiff and Counter Defendant Wells Fargo Bank, N.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WELLS FARGO BANK, N.A., a national banking association;<br><br>    Plaintiff,<br><br>vs.<br><br>SFR INVESTMENTS POOL 1, LLC, a Nevada limited-liability company; FIESTA DEL NORTE HOMEOWNERS ASSOCIATION, a Nevada non-profit corporation; ALESSI & KOENIG, LLC, a Nevada limited-liability company;<br><br>    Defendants. | Case No.: 2:15-cv-00800-GMN-CWH<br><br>**WELLS FARGO BANK, N.A.'S ANSWER TO SFR INVESTMENTS POOL 1, LLC'S COUNTERCLAIM** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited-liability company,<br><br>    Counter Claimant,<br><br>vs.<br><br>WELLS FARGO BANK, N.A., a national banking association; EDGAR I. TREYES, an individual,<br><br>    Counter Defendant,<br>    Cross Defendant. | |

# ANSWER TO COUNTERCLAIM

Counter Defendant, Wells Fargo Bank, N.A. ("Wells Fargo" or "Counter Defendant"), through its counsel, the law firm of Snell & Wilmer L.L.P., hereby submits its Answer to SFR Investments Pool 1, LLC's ("SFR" or "Counter Claimant") Counterclaim as follows:

## I. PARTIES

1. Wells Fargo admits that SFR is a Nevada limited-liability Company with its principal place of business in Clark County, Nevada. Wells Fargo denies that SFR is the lawful title owner of the Property.

2. Wells Fargo admits the allegations in paragraph 2.

3. Wells Fargo admits that Edgar I. Treyes was the title owner of the Property but denies that the foreclosure sale which purported to divest her of title was lawful or proper. Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations, and therefore denies the remaining allegations in paragraph 3.

## II. GENERAL ALLEGATIONS

4. Wells Fargo admits that SFR acquired its claim to the Property as indicated, but denies that the foreclosure sale was held in compliance with NRS 116.3116 and further denies that the legal effect of NRS 116.3116 entitles SFR to its claimed present right to own or possess the Property.

5. Wells Fargo admits that a foreclosure deed was recorded as Instrument Number 201212200004604, but denies the remaining allegations, if any, regarding the legal effect of the foreclosure deed, and further denies that the Instrument Number matches the foreclosure deed filed on the date alleged.[1]

6. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 6.

7. Wells Fargo lacks sufficient knowledge or information to respond, and therefore

---

[1] For purposes of this Answer and the Counterclaim, Wells Fargo will respond as though the Association Foreclosure Deed is referring to the document filed on September 27, 2013, as Instrument Number 201309270003275, which Wells Fargo believes was the intention of Counter Claimant.

- 2 -

22013632

denies the allegations in paragraph 7.

        8.      Wells Fargo admits that a Notice of Delinquent Assessment was recorded as Instrument Number 201209200001279. Wells Fargo further admits, upon information and belief, that Alessi was the agent for the Association and conducted the foreclosure sale. Wells Fargo denies the remaining allegations in paragraph 8.

        9.      Wells Fargo admits that the Association Foreclosure Deed contains the recitals stated in paragraph 9. Wells Fargo denies that the foreclosure sale complied with all requirements of law including, but not limited to, recording and mailing of copies of Notice of Delinquent Assessments and Notice of Default, and the recording, posting and publication of the Notice of Sale.

        10.     The allegations contained in paragraph 10 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 10 does require a response, Wells Fargo admits that SFR's selective excerpts of NRS 116.3116(2) are accurately stated but denies that the excerpted language has the legal affect SFR claims, including but not limited to, providing for its claimed present right to own or possess the Property.

        11.     The allegations contained in paragraph 11 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 11 does require a response, Wells Fargo admits that SFR's selective excerpts of NRS 116.3116(2) are accurately stated but denies that the excerpted language has the legal affect SFR claims, including but not limited to, providing for its claimed present right to own or possess the Property.

        12.     The allegations contained in paragraph 12 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 12 does require a response, Wells Fargo denies that the statute cited has the legal affect SFR claims, including but not limited to, providing for its claimed present right to own or possess the Property.

        13.     The allegations contained in paragraph 13 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 13 does require a response, Wells Fargo denies that the statute cited has the legal affect SFR claims, including but not limited to, providing for its claimed present right to own or possess the Property.

Snell & Wilmer
L.L.P.
LAW OFFICES
50 WEST LIBERTY STREET, SUITE 510
RENO, NEVADA 89501-1961
(775) 785-5440

22013632

14. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 14.

15. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 15.

16. Wells Fargo denies that it had actual and/or constructive notice of the requirements that it pay assessments to the Association, if any, and of the Association Lien. Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations, and therefore denies the remaining allegations in paragraph 16.

17. Wells Fargo denies that it had actual or constructive notice of the Association's foreclosure proceedings. Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations, and therefore denies the remaining allegations in paragraph 17.

18. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 18.

19. Wells Fargo denies the allegations in paragraph 19.

20. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 20.

21. Wells Fargo denies the allegations in paragraph 21.

22. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 22.

23. The allegations contained in paragraph 23 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 23 does require a response, Wells Fargo denies that the excerpted portion of NRS 116.31166 cited by SFR has the legal affect SFR claims, including but not limited to, providing for its claimed present right to own or possess the Property.

24. Upon information and belief, Wells Fargo admits the allegations in paragraph 24.

25. Upon information and belief, Wells Fargo admits the allegations in paragraph 25.

26. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 26.

22013632

27. The Counter Claimant's Notice of Delinquent Assessment (Lien) was not recorded until September 20, 2012, accordingly, neither Wells Fargo nor its predecessor in interest could have had notice of something that did not exist and had not been recorded when it funded the loan at issue.  Wells Fargo lacks sufficient knowledge or information to respond to any remaining allegations, and therefore denies the allegations in paragraph 27.

28. Wells Fargo admits that the First Deed of Trust contains a Planned Unit Development Rider.  Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 28, and therefore denies.

29. Wells Fargo admits that the beneficial interest in the First Deed of Trust together with the underlying promissory note was transferred from Linear Financial to MERS pursuant to that assignment recorded as Instrument Number 200509220005362.  Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 29, and therefore denies.

30. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 30.

31. Wells Fargo admits that the beneficial interest in the First Deed of Trust together with the underlying promissory note was transferred from MERS to U.S. Bank pursuant to that assignment recorded as Instrument Number 201301110002435.  Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations in paragraph 31, and therefore denies.

32. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 32.

33. Wells Fargo admits the allegations in paragraph 33.

34. Wells Fargo admits the allegations in paragraph 34.

35. Wells Fargo admits the allegations in paragraph 35.

36. Wells Fargo admits the allegations in paragraph 36.

37. Wells Fargo admits the allegations in paragraph 37.

38. Wells Fargo admits that it was assigned the beneficial interest in the First Deed of

22013632

Trust with the underlying promissory note and that the assignment was recorded as Instrument Number 201404020001108. Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations, and therefore denies the allegations in paragraph 38.

39. Wells Fargo lacks sufficient knowledge or information to respond to the allegations in paragraph 39, and therefore denies the allegations.

40. Wells Fargo admits that it was assigned the beneficial interest in the First Deed of Trust with the underlying promissory note and that the assignment was recorded as Instrument Number 201404160000078. Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations, and therefore denies the allegations in paragraph 40.

41. Wells Fargo lacks sufficient knowledge or information to respond to the allegations in paragraph 41, and therefore denies the allegations.

42. The allegations contained in paragraph 42 state legal conclusions for which no response is required. Notwithstanding, to the extent paragraph 42 does require a response, Wells Fargo admits that the Nevada Supreme Court issued its opinion as stated in paragraph 42, but denies that the opinion has the effect stated as the underlying statute is unconstitutional and preempted by federal law.

43. Wells Fargo admits that SFR voluntarily dismissed all parties in Case No. A-14-696097-C. Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations, and therefore denies the remaining allegations in paragraph 43.

44. Wells Fargo admits the allegations in paragraph 44.

45. Wells Fargo admits the allegations in paragraph 45.

46. Wells Fargo admits that the Association Lien was foreclosed upon, but denies the legal effect of the foreclosure.

47. Wells Fargo denies the allegations in paragraph 47.

### III.   FIRST CLAIM FOR RELIEF
**(Declaratory Relief/Quiet Title Pursuant to NRS 30.010, *et seq.*, NRS 40.010 & NRS 116.3116)**

48. Answering paragraph 48, Wells Fargo hereby repeats, re-alleges, and incorporates each of its admissions, denials, or other responses herein.

- 6 -

22013632

49. The allegations contained in paragraph 49 state legal conclusions for which no response is required. To the extent paragraph 49 does require a response, Wells Fargo admits this court has jurisdiction and authority over the claims in the Complaint and the Counterclaim.

50. Wells Fargo admits the allegations in paragraph 50.

51. Wells Fargo lacks sufficient knowledge or information to respond, and therefore denies the allegations in paragraph 51.

52. Wells Fargo denies the allegations in paragraph 52.

53. Wells Fargo denies the allegations in paragraph 53.

54. Wells Fargo denies that it was notified of the Association foreclosure sale and any allegations regarding the failure to act that follow. Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations, and therefore denies the remaining allegations in paragraph 54.

55. Wells Fargo denies the allegations in paragraph 55.

56. Wells Fargo admits that SFR is seeking an order from the Court quieting title in its favor, but denies that it is entitled to any such order.

### IV.  SECOND CLAIM FOR RELIEF
### (Preliminary and Permanent Injunction)

57. Answering paragraph 57, Wells Fargo hereby repeats, re-alleges, and incorporates each of its admissions, denials, or other responses herein.

58. Wells Fargo admits that it claims a security and ownership interest in the Property. Wells Fargo lacks sufficient knowledge or information to respond to the remaining allegations, and therefore denies the remaining allegations in paragraph 58.

59. Wells Fargo denies the allegations in paragraph 59.

60. Wells Fargo denies the allegations in paragraph 60.

61. Wells Fargo denies the allegations in paragraph 61.

62. Wells Fargo denies the allegations in paragraph 62.

63. Wells Fargo denies the allegations in paragraph 63.

- 7 -

22013632

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

SFR Investments Pool 1, LLC ("SFR") and its Counterclaims fail to state a claim against Wells Fargo upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Priority)

SFR took title of the Property subject to Wells Fargo's, or its predecessor's, first priority deed of trust, thereby forestalling any enjoinment/extinguishment of the Wells Fargo's interest in the Property.

## THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

SFR, at all material times, calculated, knew and understood the risks inherent in its situations, actions, omissions, and transactions upon which it now bases its various claims for relief, and with such knowledge, SFR undertook and thereby assumed such risks and is consequently barred from all recovery by such assumption of risk.

## FOURTH AFFIRMATIVE DEFENSE

### (Commercial Reasonableness)

The foreclosure sale through which SFR took its interest was commercially unreasonable if it extinguished Wells Fargo's or its predecessor's Deed of Trust as SFR contends. The sales price when compared to the fair market value of the Property demonstrates that the sale was not conducted in good faith as a matter of law, and such a windfall to SFR at the expense of a priority lien-holder is commercially unreasonable.

## FIFTH AFFIRMATIVE DEFENSE

### (Equitable Doctrines)

Wells Fargo alleges that the SFR's claims are barred by the equitable doctrines of laches and failure to do equity in the matters alleged in the Counterclaim.

- 8 -

22013632

**SIXTH AFFIRMATIVE DEFENSE**

**(Acceptance)**

Wells Fargo asserts that any acceptance of any portion of the excess proceeds does not "satisfy" the amount due and owing on the promissory note and deed of trust and would not constitute a waiver of its rights under the promissory note and deed of trust or statute.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

Wells Fargo alleges that by reason of SFR's acts and omissions, SFR has waived its rights and is estopped from asserting the claims against Wells Fargo.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Due Process Violations)**

The foreclosure sale pursuant to statute through which SFR claims an interest in the Property violated Wells Fargo's and/or its predecessor in interest's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution and relevant portions of the Nevada Constitution.

**NINTH AFFIRMATIVE DEFENSE**

**(Mitigation)**

SFR failed to mitigate, minimize, or otherwise avoid its losses, damages, or expenses.

**TENTH AFFIRMATIVE DEFENSE**

**(Bad Faith)**

SFR has acted in bad faith and is entitled to no damages as a result.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

SFR has unclean hands and should be barred from bringing this action.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

At all times relevant to SFR's allegations, Wells Fargo's actions were taken in good faith, for legitimate purposes, and for just cause, and at no time did Wells Fargo act wrongfully or with

- 9 -

22013632

malice or reckless indifference toward SFR's purported rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Takings)

The actions of SFR and other relevant parties violate the Takings Clause of the United States and Nevada Constitutions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Wrongful Foreclosure)

The foreclosure through which SFR alleges it obtained an interest in the Property was conducted in violation of Nevada law and is void.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Public Policy)

The claims contained in the Counterclaim violate Nevada's well-established homeowner protection laws and violate Nevada's public policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Property Clause)

The actions of SFR and other relevant entities in conducting the HOA Foreclosure Sale did not operate to extinguish Wells Fargo's or its predecessor in interest's deed of trust pursuant to the Property Clause of the United States Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

Pursuant to Rules 11 and 12 of the Federal Rules of Civil Procedure, all possible affirmative defenses may not have been alleged insofar as sufficient facts are not available after reasonable inquiry upon the filing of SFR's Counterclaim. Therefore, Wells Fargo reserves the right to amend this Answer to allege additional affirmative defenses and claims, counterclaims, cross claims, or third-party claims, as applicable, upon further investigation and discovery.

///

///

///

22013632

## **PRAYER**

WHEREFORE, Counter Defendant Wells Fargo prays for judgment as follows:

1. That the Court make a judicial determination that Wells Fargo's deed of trust is superior to Counter Claimant SFR's claim of title;

2. That the Court make a judicial determination that Wells Fargo's deed of trust survived the HOA Foreclosure Sale;

3. That the Court make a judicial determination that Counter Claimant SFR took title subject to Wells Fargo's deed of trust;

4. That Counter Claimant SFR recover nothing on account of its Counterclaim;

5. For reasonable attorney's fees and costs; and

6. For any such other and further relief as the Court may deem just and proper in the case.

Dated: July 6, 2015.                    SNELL & WILMER L.L.P.

By:   /s/ Wayne Klomp
Amy F. Sorenson (NV Bar No. 12495)
Andrew M. Jacobs (NV Bar No. 12787)
Wayne Klomp (NV Bar No. 10109)
50 West Liberty Street, Suite 510
Reno, Nevada  89501-1961
Telephone:  (775) 785-5440
Facsimile:  (775) 785-5441

*Attorneys for Plaintiff and Counter Defendant Wells Fargo Bank, N.A.*

- 11 -

22013632

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2015, I electronically filed the foregoing with the Clerk of Court for the U.S. District Court, District of Nevada by using the Court's CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Howard C. Kim, Esq.
Diana S. Cline, Esq.
Jacqueline A. Gilbert, Esq.
Howard Kim & Associates
1055 Whitney Ranch Drive, Suite 110
Henderson, NV 89014
howard@hkimlaw.com
diana@hkimlaw.com
jackie@hkimlaw.com
*Attorneys for SFR Investments Pool 1, LLC*

Vanessa Goulet, Esq.
Alessi & Koenig, LLC
9500 W. Flamingo Rd., Ste 205
Las Vegas, NV  89147
vanessa@alessikoenig.com
*Attorneys for*
*Fiesta Del Norte Homeowners Association*
*and Alessi & Koenig, LLC*

DATED:  July 6, 2015

　　　　　　　　　　　　　　　　　 */s/ Lara J. Taylor*
　　　　　　　　　　　　　　　　　An Employee of Snell & Wilmer L.L.P.

22013632